**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA**

BRUCE B. THOMAS,        )
#320186,               )
                        )    CIVIL ACTION NO. 9:12-01113-RBH-BM
            Petitioner,  )
                        )
v.                    )    **REPORT AND RECOMMENDATION**
                        )
WARDEN STEVENSON,   )
                        )
            Respondent.  )
_____)

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed pro se on April 24, 2012.[1]

The Respondent filed a return and motion for summary judgment on August 13, 2012. As the Petitioner is proceeding pro se, a Roseboro order was filed on August 14, 2012, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. Petitioner thereafter filed a response in opposition on September 7, 2012.

This matter is now before the Court for disposition.[2]

_____

[1]Filing date per Houston v. Lack, 487 U.S. 266, 270-276 (1988).

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c)and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

1



**Procedural History**

Petitioner was indicted in Lee County in February 2007 for assault and battery with intent to kill ("ABWIK"), murder, and possession of a firearm during a crime of violence [Indictment No. 07-GS-31-0023]. (R.pp. 76-77). Petitioner was represented by Charlie J. Johnson, Jr., Esquire, and on February 15, 2007 pled guilty to ABWIK and murder. (R.pp. 1-30). The possession of a firearm charge was *nolle prossed* by the State as part of the plea. (R.p. 3). Petitioner was sentenced to life imprisonment for murder and twenty (20) years imprisonment, concurrent, for ABWIK. (R.p. 29). Petitioner did not appeal his convictions and/or sentences.

On January 11, 2008, Petitioner filed an application for post-conviction relief ("APCR") in state circuit court. Thomas v. State of South Carolina, No. 2008-CP-31-0008. (R.pp. 32-38). Petitioner raised the following issues in his APCR:

> (a) Ineffective Assistance of counsel [counsel failed to object to a flawed indictment]; and
>
> (b) Indictment failed to contain necessary elements of crimes.

(R.p. 34).

Petitioner was represented in his APCR by Charles T. Brooks, III, Esquire, and an evidentiary hearing was held on Petitioner's application on April 28, 2008. (R.pp. 44-68). At the hearing, the following issues relating to ineffective assistance of counsel were addressed:

> (a) Failed to have Petitioner evaluated;
>
> (b) Failed to conduct an adequate investigation;
>
> (c) Failed to challenge the murder indictment on the basis that it failed to list the time and place of the victim's death and was not signed; and
>
> (d) Failed to adequately apprise Petitioner of his rights, of the minimum sentence he

2



was facing, and of the elements of malice before his guilty plea.

(R.pp. 47-49, 53, 55-63).

On September 14, 2010, the PCR judge issued an order denying relief in its entirety

(d. Sept. 8, 2010). (R.pp. 69–74). Petitioner filed a timely appeal of the PCR court's order.

Petitioner was represented on appeal by Robert M. Dudek of the South Carolina Office of Appellate

Defense, who filed a petition[3] raising the following issue:

> Whether the PCR court erred by ruling defense counsel was not ineffective where he
> advised petitioner to plead guilty to murder where the shooting occurred in a domestic
> dispute with petitioner's girlfriend where petitioner testified that he would not have
> pled guilty to murder and would have gone to trial had he been advised on the
> definition of malice aforethought by defense counsel?

See Petition, p. 2.

Petitioner also filed a motion to file a supplemental pro se brief, which was denied by the South

Carolina Supreme Court pursuant to Miller v. State[4] on February 6, 2012. See Court Docket Nos. 15-

5 and 15-6. Thereafter, on April 6, 2012, the South Carolina Supreme Court denied Petitioner's writ

of certiorari. See Court Docket No. 15-7. The Remittitur was sent down on April 24, 2012. See

Court Docket No. 15-8.

In his Petition for writ of habeas corpus filed in this United States District Court,

---

[3]Although Respondent references a Johnson [see Johnson v. State, 364 S.E.2d 201 (S.C. 1998)] petition being filed by Dudek, there is no indication in the record that a Johnson petition was ever filed. See Court Docket Nos. 15-3 and 15-4. Furthermore, the South Carolina Supreme Court's order denying Petitioner's motion to file a supplemental brief does not indicate that a Johnson petition was filed, and the South Carolina Supreme Court's order dismissing the Petitioner's writ of certiorari does not rule on any Johnson petition.

[4]697 S.E.2d 527 (S.C. 2010)[Holding that "[s]ince there is no right to 'hybrid representation' that is partially pro se and partially by counsel, substantive documents, with the exception of motions to relieve counsel, filed pro se by a person represented by counsel are not to be accepted unless submitted by counsel"].



Petitioner raises the following grounds based on ineffective assistance of counsel:

> **Ground One:** Counsel failed to have an investigation into the facts of the case. Investigation would have shown that the facts support a lesser charge, and that nothing present[ed] by the State support[ed] a murder charge.

> **Ground Two:** Counsel failed to explain the element of malice to me. see [sic]. While the sentencing [judge] tr[ied] to explain malice counsel made no efforts to protect my rights concerning knowledge of the element of the offense. If it was clear to my counsel or the Court that I understood malice, then from my answer (see trans. 8-12) that malice was not present. From the Court's explanation of malice and my answer it is clear malice was not present-counsel was ineffective.

> **Ground Three:** I requested that Mr. Johnson file a notice of direct appeal. After sometime I wrote to the Clerk of Court of Appeals for the status of my appeal and I was informed that no notice had been filed. Attached Exhibit "A".

> **Ground Four:** Counsel failed to have evaluation done, even though he knew there were mitigating factors that would have supported a lesser charge. Counsel knew I did not have a memory that was clear concerning the events.

See Petition, pp. 5-10.

## Discussion

Respondent asserts that Petitioner's claims are without merit and seeks summary judgment and dismissal of the Petition. Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Rule 56, Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor

4



can the court assume the existence of a genuine issue of material fact where none exists.  <u>Weller v. Dep't of Social Services</u>, 901 F.2d 387 (4th Cir. 1990).

## I.

With regard to the first, third, and fourth allegations concerning ineffective assistance of trial counsel, these issues were not raised in Petitioner's PCR appeal.  <u>See</u>, Petition, p. 2.  Since the Petitioner did not pursue and exhaust these claims in his PCR appeal, they are barred from further state collateral review; <u>Whiteley v. Warden, Wyo. State Penitentiary</u>, 401 U.S. 560, 562 n. 3 (1971); <u>Wicker v. State</u>, 425 S.E.2d 25 (S.C. 1992); <u>Ingram v. State of S.C.</u>, No. 97-7557, 1998 WL 726757 at **1 (4th Cir. Oct. 16, 1998); <u>Josey v. Rushton</u>, No. 00-547, 2001 WL 34085199 at * 2 (D.S.C. March 15, 2001); <u>Aice v. State</u>, 409 S.E.2d 392, 393 (S.C. 1991)[post-conviction relief]; and as there is no current state remedy for Petitioner to pursue these issues, they are otherwise fully exhausted. <u>Coleman v. Thompson</u>, 501 U.S. 722, 735, n.1 (1991); <u>Teague v. Lane</u>, 489 U.S. 288, 297-298 (1989); <u>George v. Angelone</u>, 100 F.3d 353, 363 (4th Cir. 1996) ["A claim that has not been presented to the highest state court nevertheless may be treated as exhausted if it is clear that the claim would be procedurally defaulted under state law if the petitioner attempted to raise it at this juncture."], <u>cert. denied</u>, 117 S.Ct. 854 (1997); <u>Aice</u>, 409 S.E.2d at 393; <u>Matthews v. Evatt</u>, 105 F.3d 907, 911 (4th Cir. 1997) ["To satisfy the exhaustion requirement, a habeas Petitioner must fairly present his claim[s] to the state's highest court . . . the exhaustion requirement for claims not fairly presented to the state's highest court is technically met when exhaustion is unconditionally waived by the state...or when a state procedural rule would bar consideration if the claim[s] [were] later presented to the state court."], <u>cert. denied</u>, 522 U.S. 833 (1997); <u>Ingram</u>, 1998 WL 726757 at **1.

However, even though technically exhausted, since these issues were not properly



5

pursued by the Petitioner in the state court, federal habeas review of these claims is now precluded absent a showing of cause and prejudice, or actual innocence. <u>Wainwright v. Sykes</u>, 433 U.S. 72 (1977); <u>Waye v. Murray</u>, 884 F.2d 765, 766 (4th Cir. 1989), <u>cert. denied</u>, 492 U.S. 936 (1989).

> In all cases in which a State prisoner has defaulted his Federal claims in State court pursuant to an independent and adequate State procedural rule, Federal Habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of Federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

<u>Coleman</u>, 501 U.S. at 750.

No showing of cause and prejudice or actual innocence has been made in this case. Petitioner does not dispute that these issues were not considered in his PCR appeal; rather, he argues that, after his PCR appellate counsel raised only one issue on appeal, he attempted to raise additional issues by filing a motion to file a supplemental <u>pro se</u> brief. <u>See</u> Petitioner's Response in Opposition to Motion for Summary Judgment, pp. 7-8.[5] However, that motion was denied by the South Carolina Supreme Court. <u>Id</u>.; <u>see also</u> Court Docket No. 15-6. <u>See</u> <u>Miller v. State</u>, 697 S.E.2d 527 [Since there is no right to "hybrid representation", a <u>pro se</u> motion is "essentially a nullity."]. Further, to the extent Petitioner's argument is that his appellate counsel was ineffective for failing to raise these other issues, ineffective assistance of PCR counsel is not an independent constitutional violation and is not therefore "cause" for a procedural default. <u>Murray v. Giarratano</u>, 492 U.S. 1-7, 13 (1989) [O'Connor, J., <u>concurring</u>] ["[T]here is nothing in the Constitution or the precedents of [the Supreme]

---

[5]Petitioner's motion indicated that he wanted to preserve all "available meritorious issues", but did not actually identify what additional issues he wanted to raise. <u>See</u> Court Document No. 15-5. While Issues One and Four of this federal habeas petition were addressed by the PCR Court (but not appealed by appellate counsel to the State Supreme Court), Issue Three has never been raised at any level.



Court that requires a State provide counsel in postconviction proceedings. A postconviction proceeding is not part of the criminal process itself, but is instead a civil action designed to overturn a presumptively valid criminal judgment. Nothing in the Constitution requires the State to provide such proceedings,...nor does...the Constitution require [ ] the States to follow any particular federal model in those proceedings."]; <u>Mackall v. Angelone</u>, 131 F.3d 442, 447-449 (4th Cir. 1997); <u>Ortiz</u>, 149 F.3d at 932; <u>Pollard v. Delo</u>, 28 F.3d 887, 888 (8th Cir. 1994); <u>Lamp v. State of Iowa</u>, 122 F.3d 1100, 1104-1105 (8th Cir. 1997); <u>Parkhurst v. Shillinger</u>, 128 F.3d 1366, 1371 (10th Cir. 1997); <u>Williams v. Chrans</u>, 945 F.2d 926, 932 (7th Cir. 1992); <u>Gilliam v. Simms</u>, No. 97-14, 1998 WL 17041 at *6 (4th Cir. Jan. 13, 1998). Therefore, Petitioner has failed to show cause for his procedural default of these issues. <u>Rodriguez v. Young</u>, 906 F.2d 1153, 1159 (7th Cir. 1990), <u>cert. denied</u>, 498 U.S. 1035 (1991) ["Neither cause without prejudice nor prejudice without cause gets a defaulted claim into Federal Court."].

 Nor does the undersigned find that Petitioner has met his burden of showing actual innocence, or that a fundamental miscarriage of justice will occur if these claims are not considered. <u>see</u>, <u>Wainwright v. Sykes</u>, <u>supra</u>; <u>Murray</u>, 477 U.S. at 496; <u>Rodriguez</u>, 906 F.2d at 1159 [a fundamental miscarriage of justice occurs only in extraordinary cases, "where a constitutional violation has probably resulted in the conviction of one who is actually innocent"](citing <u>Murray v. Carrier</u>, 477 U.S. at 496)); <u>Sawyer v. Whitley</u>, 505 U.S. 333, 348 (1992); <u>Bolender v. Singletary</u>, 898 F.Supp. 876, 881 (S.D.Fla. 1995)). Petitioner has never contended that he did not commit the crimes at issue. Rather, he only argues that he lacked the necessary malice. However, to prevail under an "actual innocence" theory, Petitioner must produce new evidence that was not available at trial to show his factual innocence. <u>Royal v. Taylor</u>, 188 F.3d 239, 244 (4th Cir. 1999). Further, Petitioner



must "demonstrate actual factual innocence of the offense or conviction; i.e., that petitioner did not commit the crime of which he was convicted." <u>United States v. Mikalajunas</u>, 186 F.3d 490, 494 (4th Cir. 1999). Petitioner has introduced no evidence that was not available at the time of his plea to establish his factual innocence.

Therefore, these issues are procedurally barred from consideration by this Court, and must be dismissed. <u>See</u> 28 U.S.C. § 2254.

## II.

With respect to Petitioner's Issue Two that his trial counsel was ineffective for failing to properly explain the necessary elements of malice, ant that he would not have pled guilty if these elements had been properly explained to him, this issue was raised in Petitioner's APCR, where Petitioner had the burden of proving the allegations in his petition. <u>Butler v. State</u>, 334 S.E.2d 813, 814 (S.C. 1985), <u>cert.</u> <u>denied</u>, 474 U.S. 1094 (1986). The PCR court rejected this claim, making relevant findings of fact and conclusions of law in accordance with S.C.Code Ann. § 17-27-80 (1976), as amended. <u>See</u> <u>Burke v. South Carolina</u>, No. 06-CP-26-2582. Specifically, the PCR judge found that: 1) Petitioner was informed by his attorney of the element of malice prior to his plea and the concept was also reviewed for him by the plea court; 2) Petitioner set forth no evidence tending to negate the element of malice; and 3) Petitioner failed to demonstrate prejudice in that regard. <u>See</u> Court Docket No. 15-1, pp. 5-6. The State Supreme Court denied Petitioner's appeal of this ruling, and this claim is therefore properly exhausted for consideration by this Court. <u>See</u> Court Docket No. 15-7.

Substantial deference is to be given to the state court's findings of fact. <u>Evans v. Smith</u>, 220 F.3d 306, 311-312 (4th Cir. 2000), <u>cert.</u> <u>denied</u>, 532 U.S. 925 (2001) ["We . . . accord

8



state court factual findings a presumption of correctness that can be rebutted only by clear and convincing evidence], <u>cert. denied</u>, 532 U.S. 925 (2001); <u>Bell v. Jarvis</u>, 236 F.3d 149 (4th Cir. 2000)(en banc), <u>cert. denied</u>, 112 S.Ct. 74 (2001).

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

28 U.S.C. § 2254(e)(1). <u>See also</u> <u>Fisher v. Lee</u>, 215 F.3d 438, 446 (4th Cir. 2000), <u>cert. denied</u>, 531 U.S. 1095 (2001); <u>Frye v. Lee</u>, 235 F.3d 897, 900 (4th Cir. 2000), <u>cert. denied</u>, 533 U.S. 960 (2001).

However, although the state court findings as to historical facts are presumed correct under 28 U.S.C. § 2254(e)(1), where the ultimate issue is a mixed question of law and fact, as is the issue of ineffective assistance of counsel, a federal court must reach an independent conclusion. <u>Strickland v. Washington</u>, 466 U.S. 668, 698 (1984); <u>Pruett v. Thompson</u>, 996 F.2d. 1560, 1568 (4th Cir. 1993), <u>cert. denied</u>, 114 S.Ct. 487 (1993) (citing <u>Clozza v. Murray</u>, 913 F.2d. 1092, 1100 (4th Cir. 1990), <u>cert. denied</u>, 499 U.S. 913 (1991)). Nevertheless, since Petitioner's ineffective assistance of counsel claim was adjudicated on the merits by the South Carolina state court, this Court's review is limited by the deferential standard of review set forth in 28 U.S.C. §2254(d), as interpreted by the Supreme Court in <u>Williams v. Taylor</u>, 120 S.Ct. 1495 (2000). <u>Bell v. Jarvis</u>, <u>supra</u>; <u>see</u> <u>also</u> <u>Evans</u>, 220 F.3d at 312 [Under § 2254(d)(1) and (2), federal habeas relief will be granted with respect to a claim adjudicated on the merits in state court proceedings only where such adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States", or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State



9

court proceeding"].  Therefore, this Court must be mindful of this deferential standard of review in considering Petitioner's ineffective assistance of counsel claim.

Where allegations of ineffective assistance of counsel are made, the question becomes "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 694.  In Strickland, the Supreme Court articulated a two prong test to use in determining whether counsel was constitutionally ineffective.  First, the Petitioner must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel's performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment.  Second, the Petitioner must show that counsel's deficient performance prejudiced the defense such that the Petitioner was deprived of a fair trial.  Further, where a guilty plea is involved, in order to show prejudice a Petitioner must show that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52 (1985).

Here, after careful review of the record and the arguments presented, the undersigned finds and concludes that Petitioner has failed to meet his burden of showing that trial counsel was ineffective under this standard.   Smith v. North Carolina, 528 F.2d 807, 809 (4th Cir. 1975) [Petitioner bears the burden of proving his allegations when seeking a writ of habeas corpus].  The record reflects that Petitioner's convictions arose out of an incident where he shot and killed his girlfriend and shot and seriously injured the girlfriend's mother.  (R.pp. 11-15).  At the hearing, Petitioner testified that his counsel did not "fully" explain the element of malice to him and that if he had done so, he would not have pled guilty.  (R.p. 62).  However, at his plea, counsel stated in open court that he had explained to Petitioner the elements of the crimes to which he was pleading



guilty, including malice aforethought, and what the State would have to prove to convict him, and then the plea court itself also proceeded to explain malice aforethought to the Petitioner in detail. (R.pp. 4, 17-19). After the Court explained malice aforethought to the Petitioner, the Court told him that the State would have to prove that element beyond a reasonable doubt in order to convict him of either assault and battery with intent to kill or murder. (R.p. 18). Petitioner then confirmed that he understood, and that he wanted to go forward with his guilty plea. (R.p. 19). Accordingly, the record reflects that Petitioner affirmed to the judge at his guilty plea that he understood malice aforethought and that he was pleading guilty to assault and battery with intent to kill and murder based on the understanding that the State would have to prove malice aforethought beyond a reasonable doubt in order to convict him of either offense. (R.pp. 18-19). Petitioner also confirmed that he understood the charges and possible sentences, that he wanted to plead guilty, and that it was his decision to do so. (R.pp. 5-11). Petitioner confirmed that no one had made any promises or threatened him in order to get him to plead guilty, that he had had enough time to discuss the matter with his attorney, that he had told his counsel everything that he needed to tell him about the situation, that counsel had done everything that he expected of him, that he was satisfied with his counsel, and that he had no complaints about his counsel. (R.pp. 8-10).

The PCR court found that trial counsel had explained malice aforethought to the Petitioner, that Petitioner understood the elements of malice aforethought, that there was no evidence that malice aforethought was not present, and that Petitioner had shown no prejudice with regard to this claim. After careful review of the record in this case the undersigned finds no basis in the record or the applicable caselaw to overturn the findings of the state court with regard to this issue. Evans, 220 F.3d at 312. Statements of the accused that facially demonstrate the plea's validity are conclusive

11



absent compelling reasons why they should not be, such as ineffective assistance of counsel; <u>Via v. Superintendent, Powhatan Correctional Center</u>, 643 F.2d 167, 171 (4th Cir. 1981); and Petitioner has provided no evidence to show ineffective assistance of counsel in his case. <u>See</u> discussion, <u>supra</u>. Petitioner has not provided the Court with any evidence to show that he did not intend to plead guilty to the charges, under oath to the presiding judge, without objection in open court. <u>Blackledge v. Allison</u>, 431 U.S. 63, 73-74 (1977)["Representations of the Defendant, his lawyer and the prosecutor at [arraignment], as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings...The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible."].

Based on the foregoing, Petitioner has failed to present evidence sufficient to show that the state court's rejection of this claim was unreasonable. <u>Evans</u>, 220 F.3d at 312 [Federal habeas relief will not be granted on a claim adjudicated on the merits by the state court unless it resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding]; <u>Bell v. Jarvis</u>, 236 F.3d at 157-158; 28 U.S.C. § 2254(e)(1) [determination of a factual issue by the state court shall be presumed correct unless rebutted by clear and convincing evidence]. Therefore, this claim is without merit and should be dismissed.

### Conclusion

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.



The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

January 4, 2013
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

