IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Bruce B. Thomas,    )  | C/A No. 9:12-cv-01113-RBH |
| )  | |
| Petitioner,    )  | |
| )  | **O R D E R** |
| vs.    ) | |
| ) | |
| Warden Stevenson,    ) | |
| ) | |
| Defendant.    ) | |
| _____) | |

The Plaintiff, *pro se*, instituted this action pursuant to 28 U.S.C. § 2254 on April 26, 2012. He is incarcerated in the SCDC at Broad River Correctional Institution.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant, for pretrial handling. The matter is before this Court on the Report and Recommendation of Magistrate Judge Marchant, which was issued on January 4, 2013. After analyzing the issues presented in this case, the Magistrate Judge recommended that this Court grant the respondent's motion for summary judgment. The petitioner filed objections to the Report on January 22, 2013.

In conducting its review of the Report and Recommendation, the Court applies the following standard:

> The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

> The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id*. However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law. . . or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Determinations of factual issues by state courts are presumed correct and "the applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

"In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722 (1991).

Petitioner objects to the finding by the Magistrate Judge that he has not shown cause and prejudice or actual innocence regarding habeas grounds One, Three, and Four, which were not raised by counsel in the appeal from his post-conviction relief proceeding and were thus procedurally

2

defaulted.[1] The Court has reviewed the analysis of the Magistrate Judge on these points and finds it to be accurate.

Petitioner also objects to the Magistrate's analysis regarding Issue Two, which was the only ground not procedurally defaulted. However, again, this Court agrees with the reasoning of the Magistrate Judge.

The Court has reviewed the Petition, Report and Recommendation by the Magistrate Judge, the applicable law, and the petitioner's objections. On the basis of the authorities cited by the Magistrate Judge and this Court's review of the record, the Court overrules the objections and adopts the Report of the Magistrate Judge. The respondents' [16] motion for summary judgment is granted.

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In the instant matter, the court concludes that Petitioner has failed

---

[1] Petitioner cites *Martinez v. Ryan*, 132 S.Ct. 1309 (2012) in his objections. In *Martinez*, the Supreme Court recognized that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of ineffective assistance at trial." 132 S.Ct. at 1315. However, the Court specifically held that the ability to show cause would not be extended to cases like Petitioner's where a party alleges cause for procedural default based on "attorney errors in other kinds of proceedings, including appeals from initial review collateral proceedings." *Id*. at 1320.

to make the requisite showing of "the denial of a constitutional right" and thus denies a certificate of appealability.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell<br>R. Bryan Harwell<br>United States District Judge

March 5, 2013
Florence, South Carolina